IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID R. ALLEN,
CONNIE ALLEN REID, and
TERRY ALLEN PEEPLES,

      Plaintiffs,

    v.                            CIVIL NO. 1:22-CV-56
                                       (KLEEH)

ANTERO RESOURCES CORPORATION,

      Defendant.

MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]

Pending before the Court is a partial motion to dismiss the First Amended Complaint.  For the reasons discussed herein, the motion is **GRANTED**.

I.    <u>BACKGROUND</u>

Plaintiffs David R. Allen, Connie Allen Reid, and Terry Allen Peeples ("Plaintiffs") bring this action against Defendant Antero Resources Corporation ("Defendant").  Plaintiffs and Defendant are parties to three oil and gas leases.  Plaintiffs allege that Defendant improperly deducted costs or expenses from Plaintiffs' royalties pursuant to the leases.  First Am. Compl., ECF No. 23, at ¶¶ 25-29.  They assert that Defendant's calculation and payment of royalties was improper.  <u>Id.</u> ¶¶ 30-67.  Plaintiffs claim that Defendant falsely reported no production of natural gas liquids ("NGLs") to the West Virginia Department of Environmental

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

Protection and that Defendant breached the metering clause of the leases.  Id. ¶¶ 68-83.   Finally, they assert that Defendant violated certain statutory protections under West Virginia law. Id. ¶¶ 84-104.

Plaintiffs bring three causes of action: (1) Breach of Contract, (2) Violations of W. Va. Code § 37C-1-1, et. seq., and (3) Fraudulent Misrepresentation and Constructive Fraud. Defendant filed a partial motion to dismiss, which is fully briefed and ripe for review.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted."  In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content

ALLEN V. ANTERO                                              1:22-CV-56

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## III. DISCUSSION

As discussed herein, the Court finds that Count One should be dismissed to the extent that it requests declaratory judgment, and Counts Two and Three should be dismissed in their entirety.

### A. Count Three (Fraudulent Misrepresentation and Constructive Fraud) is dismissed because it is barred by the Gist of the Action Doctrine.

In Count Three, Plaintiffs assert a claim of Fraudulent Misrepresentation and Constructive Fraud. Defendant has moved to dismiss the claim, arguing (1) that it is barred by the Gist of the Action Doctrine, (2) that it is barred by the applicable statute of limitations, and (3) that it is insufficiently pled. The Court finds that Count Three is barred by the Gist of the

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

Action Doctrine and need not consider the alternative arguments in support of dismissal.

Under West Virginia law, "[i]f the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or nonfeasance, it is, in substance, an action on the contract, whatever may be the form of the pleading." Cochran v. Appalachian Power Co., 246 S.E.2d 624, 628 (W. Va. 1978). The purpose of the Gist of the Action Doctrine is to "prevent the recasting of a contract claim as a tort claim." See Rodgers v. Sw. Energy Co., No. 5:16-CV-54, 2016 WL 3248437, at *4 (N.D.W. Va. June 13, 2016) (citing Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 115 (4th Cir. 2015)).

Under the Gist of the Action Doctrine, "a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 722 (N.D.W. Va. 2018) (quotation marks omitted) (citing Secure US, Inc. v. Idearc Media Corp., No. 1:08CV190, 2008 WL 5378319, at *3-4 (N.D.W. Va. Dec. 24, 2008) (quoting Syl. Pt. 9, Lockhart v. Airco Heating & Cooling, 567 S.E.2d 619 (W. Va. 2002)). The Supreme Court of Appeals has found that "recovery in tort will be barred" where any of the following four factors is present:

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

    (1)  where liability arises solely from the contractual relationship between the parties;

    (2)  when the alleged duties breached were grounded in the contract itself;

    (3)  where any liability stems from the contract; and

    (4)  when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013). A plaintiff may not maintain a separate tort claim if the defendant's "obligations are defined by the terms of the contract" between the parties. Id. (citation omitted).

    As recently as 2018, this Court applied the Gist of the Action Doctrine in a factually similar case, and in 2023, the decision was deemed "well-supported" by the United States Court of Appeals for the Fourth Circuit. See Corder v. Antero Res. Corp., 57 F.4th 384, 404 n.12 (4th Cir. 2023). In Corder, this Court wrote,

        Here, the alleged fraud arises solely from the contractual relationship between the plaintiffs and the defendants (i.e., the leases at issue). As noted, the plaintiffs' fraud claims are grounded in allegations that the defendants have made material misrepresentations related to royalties owed to the plaintiffs under the relevant leases, and that the defendants have wrongfully

> reduced the plaintiffs' royalty payments. It
> is clear that the misrepresentations alleged
> in the amended complaints all relate to
> royalty payments owed to the plaintiffs and
> are thus directly tied to the duties and
> obligations assumed in the relevant leases.
> Gaddy, 746 S.E.2d at 586. In other words, the
> claims do not arise independently of the
> existence of a contract. CWS Trucking, 2005
> WL 2237788, at *2. Rather, Antero's alleged
> liability for these claims "stems from" the
> leases and the plaintiffs' fraud claims
> against Antero thus are barred by the gist of
> the action doctrine.

Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 723 (N.D.W. Va.
2018), aff'd, 57 F.4th 384 (4th Cir. 2023).

Here, as in Corder, Plaintiffs claim that Defendant made
material misrepresentations related to royalties owed to
Plaintiffs under the relevant leases and that Defendant wrongfully
reduced Plaintiffs' royalty payments. Additionally, as in Corder,
"the misrepresentations . . . all relate to royalty payments owed
to the plaintiffs and are thus directly tied to the duties and
obligations assumed in the relevant leases." Corder, 322 F. Supp.
at 723 (citing Gaddy, 746 S.E.2d at 586). In other words, again,
"the claims do not arise independently of the existence of a
contract." Id. Rather, Defendant's "alleged liability 'stems
from' the leases" here as well. Id.

Plaintiffs argue that it would be premature to apply the Gist
of the Action Doctrine, which should be presented in a motion for

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

summary judgment.  They argue that their tort claims co-exist with their breach of contract claims because the tort claims arise from independent common law and statutory duties.  Plaintiffs argue that Defendant has a common law duty not to commit fraud.

The Court finds Plaintiffs' arguments unconvincing.  First, as discussed above, the Fourth Circuit recently found this Court's application of the Gist of the Action Doctrine at the pleading stage to be well-supported.  Second, Plaintiffs argue that Defendant's statutory duty stems from W. Va. Code § 37C-1-1.  The Court finds below that Plaintiffs' section 37C-1-1 claim, which is brought in Count Two, fails as a matter of law.  Third, as to Plaintiffs' argument that Defendant has a common law duty not to commit fraud, Corder makes clear that the type of fraud alleged can fall within the Gist of the Action Doctrine.

The Gaddy factors weigh in favor of applying the Gist of the Action Doctrine.  Defendant's liability to Plaintiffs arises from the contractual relationship between the parties.  The duties allegedly breached were grounded in the leases, and the success of the Fraudulent Misrepresentation and Constructive Fraud claim is dependent upon the success of the breach of contract claim.  In other words, without a breach of the leases, Plaintiffs cannot succeed on a claim of Fraudulent Misrepresentation and Constructive Fraud.  Therefore, the Court finds that Count Three

MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]

is barred by the Gist of the Action Doctrine.  Defendant's motion to dismiss is **GRANTED** in this respect, and Count Three is **DISMISSED**.

> **B.    Count Two (W. Va. Code § 37C-1-1) fails because Plaintiffs failed to comply with and plead compliance with a condition precedent before filing suit.**

In Count Two, Plaintiffs allege that Defendant violated W. Va. Code § 37C-1-1, <u>et. seq.</u>  <u>See</u> First Am. Compl., ECF No. 23, at ¶¶ 116-26.  Defendant has moved to dismiss Count Two, arguing that Plaintiffs failed to comply with and plead compliance with a condition precedent prior to filing suit.  Defendant also argues that there is no private right of action for what Plaintiffs seek and that damages are expressly precluded.

Section 37C-1-1 requires operators to provide royalty interest holders with certain information on their royalty check statements, including gas volume, gas quality, gross value of proceeds from gas sales, and deductions for post-production expenses.  It imposes a condition precedent on parties seeking a private right of action for an operator's alleged failure to provide such information on their royalty statements.  It requires royalty owners to "send a written request for information by certified mail," which the operator has 60 days to provide.  <u>Id.</u> § 37C-1-1(b).  It is only if the operator "does not provide the

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

information within the 60-day period" that the royalty "owner may bring a civil action against the operator or producer to enforce the provisions of this section."  Id.

When a condition precedent is part of a cause of action, Rule 9 of the Federal Rules of Civil Procedure requires a plaintiff to plead compliance with that condition precedent.  See Carty v. Westport Homes of N.C., Inc., 472 F. App'x 255, 258 (4th Cir. 2012) (affirming dismissal where plaintiff failed to plead "all conditions precedent have been performed, have occurred, or have been excused").  Further, a plaintiff's failure to comply with a condition precedent requires dismissal of the cause of action. See Stricklin v. Fortuna Energy, Inc., No. 5:12CV8, 2014 WL 2619587, at *3 (N.D.W. Va. June 12, 2014) (dismissing claim "[d]ue to the plaintiffs' failure to comply with . . . a condition precedent to bringing their action); see also Ohio Power Co. v. Dearborn Mid-West Conveyor Co., Inc., No. 5:11CV164, 2012 WL 2522960, at *3 (N.D.W. Va. June 29, 2012) ("[B]ecause OPC failed to seek resolution of its disputes under the mandatory mediation provision prior to filing suit, dismissal of this action is warranted.").

Here, Plaintiff did not comply with or plead compliance with the condition precedent before filing suit.  There is no dispute that Plaintiffs did not send a written request to Defendant by

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

certified mail before filing suit.  Instead, Plaintiffs sent email requests.  Plaintiffs argue that this does not warrant dismissal because the statute is remedial and should be interpreted liberally.  They further argue that email notice comports with the statute's purpose.

The Court agrees with Defendant that Count Two should be dismissed for failure to comply with and plead compliance with a condition precedent.  As Defendant points out, by expressly requiring that written requests be sent by certified mail, the West Virginia Legislature excluded other forms of communication (such as email) from triggering the 60-day compliance period in Section 37C-1-1.  See Syl. Pt. 6, Phillips v. Larry's Drive-In Pharmacy, Inc., 647 S.E.2d 920 (W. Va. 2007) ("In the interpretation of statutory provisions . . . the express mention of one thing implies the exclusion of another[.]") (citation omitted).  Plaintiffs' argument that remedial statutes demand a more lenient interpretation is likewise unavailing.  Here, the West Virginia Legislature is charged with statutory drafting responsibilities and this Court is obligated to give effect to its express will.  In other words, legislatures, not courts, write and amend the law.  See Bostock v. Clayton County, Georgia, 590 U.S. 644, 780-81 (Kavanaugh, J., dissenting) ("Under the Constitution's separation of powers, our role as judges is to interpret and follow

**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL**
**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]**

the law as written[.] . . . Our role is not to make or amend the law."). For these reasons, the motion to dismiss is **GRANTED** in this respect, and Count Two is **DISMISSED**.

> **C.   The request for declaratory judgment is dismissed as duplicative.**

In Count One, Plaintiffs request "a declaratory judgment that [Defendant] is required to pay future royalties to Plaintiffs based upon gross proceeds received for actual sales of gas and NGLs at the point of sale, without deduction of any post-production costs whatsoever." First Am. Compl., ECF No. 23, at ¶ 115. Defendant argues that Plaintiffs lack standing to assert this claim and that, in the alternative, the request should be dismissed as duplicative.

"The Declaratory Judgment Act, 28 U.S.C. § 2201, creates a remedy, not a substantive cause of action. Its operation 'is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.'" Goodno v. Antero Res. Corp., No. 5:20-CV-100, 2020 WL 13094067, at *3 (N.D.W. Va. 2020) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). "Its purpose is to allow 'prospective defendants to due to establish their nonliability,' not create a substantive tack-on claim for an already-existing plaintiff who is adjudicating an already-live issue." Id. (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959)).

MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]

"When declaratory relief would be duplicative of claims already alleged, dismissal is warranted." Chevron U.S.A. Inc. v. Apex Oil Co., Inc., 113 F. Supp. 3d 807, 824 (D. Md. 2015) (citation omitted). A claim for declaratory relief is duplicative "where the same conduct underlies claims for declaratory judgment and breach of contract[.]" Geist v. Hispanic Info. & Telecomms. Network, Inc., No. PX-16-3630, 2018 WL 1169084, at *7 (D. Md. Mar. 6, 2018).

In Goodno, the plaintiffs sought a declaratory judgment from the Court that "Antero is required to pay future royalties to Plaintiffs and the Class members under the Class Leases at issue, based upon prices received by Antero on its sale of natural gas and natural gas liquid products at the point of sale, without deduction of post-production costs." Compl., Goodno, No. 5:20-cv-100, 2020 WL 13094067, ECF No. 1, at ¶ 37. The Court dismissed the claim as duplicative of plaintiffs' breach of contract claim, reasoning that "[t]he declaratory judgment count . . . seeks a declaration that Antero did exactly that with which they are charged in the breach of contract count" and "is not a freestanding claim" because "the issue it raises is already a part of what is squarely presented in this case." Goodno, 2020 WL 13094067, at *4.

**ALLEN V. ANTERO**                                                         **1:22-CV-56**

### MEMORANDUM OPINION AND ORDER GRANTING PARTIAL
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 37]

The Court agrees with Defendant that the same issue is presented here. Because the declaratory judgment request is duplicative of the breach of contract claim, the motion to dismiss is **GRANTED**. Count One is **DISMISSED** to the extent that it requests a declaratory judgment.

### IV.   CONCLUSION

For the reasons discussed above, the partial motion to dismiss the First Amended Complaint is **GRANTED** [ECF No. 37]. The Court hereby **ORDERS** as follows:

- Count Three is **DISMISSED WITH PREJUDICE;**

- Count Two is **DISMISSED WITH PREJUDICE;**

- Count One is **DISMISSED WITH PREJUDICE IN PART**, to the extent that it requests a declaratory judgment.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: February 26, 2024

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA